UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UNITED STATES OF AMERICA

    -against-

GHULAM MESBAHUDDIN,

             Defendant.
-------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**10-CR-726 (NGG) (JO)**

NICHOLAS G. GARAUFIS, United States District Judge.

The Government makes two motions in limine, one regarding the possible questioning of Defendant Ghulam Mesbahuddin ("Mesbahuddin") in connection with his prior conviction (1st Mot. in Limine (Docket Entry # 33)), and one regarding the admission of evidence regarding uncharged misconduct allegedly committed by Mesbahuddin (2d Mot. in Limine (Docket Entry # 36)). For the reasons set forth below, the Government's motions are granted.

**I.    BACKGROUND**

Mesbahuddin is charged, in the Second Superseding Indictment (Docket Entry # 39), with two counts of criminal conspiracy. In Count One, the Government alleges that, between August 2009 and May 2010, Mesbahuddin conspired to transfer one or more false identification documents, which appeared to be issued by and under the authority of the United States, knowing that those documents were produced without lawful authority, in violation of 18 U.S.C. §§ 1028(a)(2) and 1028(f). (Id. ¶ 1.) The documents in question in Count One are employment authorization documents and Social Security cards. (Id.) In Count Two, the Government alleges that, between August 2009 and May 2010, Mesbahuddin conspired to corruptly give, offer, and agree to give things of value, namely cash payments, to an agent of the California Department of

1

Motor Vehicles with the intent to influence and reward that agent in connection with the issuance of a fraudulent driver's license, in violation of 18 U.S.C. §§ 666(a)(2) and 371. (Id. ¶ 2.)

The Government states that Mesbahuddin, in furtherance of the charged crimes, cooperated with Stan Maynard ("Maynard"). (1st Mot. in Limine at 2-3.) According to the Government, Maynard was charged with recruiting individuals who were interested in obtaining illegal identification documents, and obtaining their passport photos, fingerprints, biographical information, and money. (Id. at 2.) The Government intends to call Maynard to testify against Mesbahuddin. (2d Mot. in Limine at 2.)

In its first motion, which has not been opposed by the defense, the Government seeks, pursuant to Federal Rule of Evidence 609(a), to cross-examine Mesbahuddin, should he choose to testify, regarding his 2005 conviction for attempted bank fraud under 18 U.S.C. § 1344. (1st Mot. in Limine at 1.) According to the Government, Mesbahuddin unsuccessfully attempted to obtain a $100,000 loan from a bank in Queens, New York by using a false identity and a forged driver's license. (Id. at 5.) In addition, the Government seeks to cross-examine Mesbahuddin regarding the underlying facts of the 2005 conviction, should he testify in a manner that contradicts what the Government views as his "true criminal history." (Id.)

In its second motion, the Government seeks to introduce Maynard's testimony that Mesbahuddin, "during the time [he] and Maynard were engaging in" the charged crimes, participated with Maynard in two uncharged conspiracies, one to commit mortgage fraud and one to commit bank fraud. (2d Mot. in Limine at 2, 5.) According the Government, Mesbahuddin and Maynard planned a mortgage fraud scheme, which ultimately did not pan out due to Maynard's poor credit. (Id. at 5.) The bank fraud scheme, which involved passing a false check, was also unsuccessful. (Id. at 5-6.)

2

## II. DISCUSSION

### A. Motion to Cross-Examine Mesbahuddin Regarding His Prior Conviction

Federal Rule of Evidence 609(a)(2) permits the admission, "[f]or the purpose of attacking the character for truthfulness" of "any witness," of "evidence that [the] witness has been convicted of a crime . . . , if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness."

Mesbahuddin was convicted in 2005 of attempted bank fraud, in violation of 18 U.S.C. § 1344. Section 1344 requires the government to prove that the defendant used "a scheme or artifice" either (1) "to defraud a financial institution" or (2) to obtain assets from a financial institution "by means of false or fraudulent pretenses, representations, or promises." 18 U.S.C. § 1344. To prove that the defendant participated in a "scheme or artifice to defraud" under the statute, the government must show that he "intended to deceive others." United States v. Chacko, 169 F.3d 140, 148 (2d Cir. 1999) (internal quotation marks omitted). Because conviction under § 1344 requires proof of "an act of dishonesty or false statement," the Government, should Mesbahuddin choose to testify, may admit evidence of his 2005 conviction for attempted bank fraud under Rule 609(a)(2). In particular, the Government may, as it requests, cross-examine Mesbahuddin "about certain limited facts regarding his prior felony conviction, specifically the fact that he was convicted in the Eastern District of New York of Attempt to Commit Bank Fraud, a Class B Felony, on September 27, 2005 and was sentenced to probation." (1st Mot. in Limine at 5.)

The Government further moves for permission to cross-examine Mesbahuddin regarding "the underlying facts" of the attempted bank fraud, should he "open the door" by testifying "in a manner that contradicts his criminal history." (Id. at 13.) The Government's motion is granted.

3

See United States v. Weisser, 417 F.3d 336, 345-46 (2d Cir. 2005) (finding that it was permissible for the government to cross-examine the defendant regarding the circumstances of his prior conviction for child molestation where the defendant "opened the door" by testifying that he was not sexually interested in children); United States v. Payton, 159 F.3d 49, 58 (2d Cir. 1998) ("A defendant has no right to avoid cross-examination into the truth of his direct examination, even as to matters not related to the merits of the charges against him.").

### B. Motion to Introduce Evidence of Uncharged Misconduct

Under Federal Rule of Evidence 404(b),

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]

The Second Circuit has adopted an "inclusive" approach to Rule 404(b). United States v. Stevens, 83 F.3d 60, 68 (2d Cir. 1998). Accordingly, evidence of uncharged misconduct may be admitted for "any purpose except to show criminal propensity, unless the trial judge concludes that its probative value is substantially outweighed by its potential for unfair prejudice." United States v. Germosen, 139 F.3d 120, 127 (2d Cir. 1998) (internal citation and quotation marks omitted). Rule 404(b)'s list of permissible purposes for the admission of uncharged misconduct evidence is "non-exhaustive." United States v. Levy, 731 F.2d 997, 1002 (2d Cir. 1984). Before such evidence may be admitted under Rule 404(b), the court must consider whether it is offered for a proper purpose, whether it is relevant to a disputed issue, and whether its probative value is substantially outweighed by its possible prejudicial effect. See United States v. Edwards, 342 F.3d 168, 176 (2d Cir. 2003). If such evidence is admitted, the court must administer an appropriate limiting instruction if one is requested. See id.; United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir. 1992).

4

The Government seeks to admit evidence that Mesbahuddin, at around the same time that he allegedly committed the charged conspiracies with Maynard, also conspired with him to commit mortgage and bank fraud. Such evidence is admissible under Rule 404(b) to "help explain to the jury how the illegal relationship between the participants in the crime developed," United States v. Williams, 205 F.3d 23, 33-34 (2d Cir. 2000), and to explain "the mutual trust that existed between coconspirators," United States v. Rosa, 11 F.3d 315, 334 (2d Cir. 1993).

The evidence would also be admissible to prove Mesbahuddin's intent, to the extent the defense offers evidence or argument challenging the Government's proof on the intent element of the charged crimes. According to the Government, Mesbahuddin, in proffer sessions after his arrest, "claimed that his conduct in attempting to secure licenses, work authorization cards and Social Security cards was legitimate," that he was "unaware that he was engaging in any criminal conduct," and that he was "working on behalf of a California-based lawyer." (2d Mot. in Limine at 3-4.) The Government thus seeks to introduce evidence of Mesbahuddin's uncharged misconduct in order to "rebut any claim by the defendant that his involvement in the charged crimes was an accident or that he mistakenly believed his conduct was legal and therefore lacked the requisite intent." (Id. at 9.)

For uncharged misconduct evidence to be admissible to prove intent, the element of intent must be in dispute. See United States v. McCallum, 584 F.3d 471, 475-76, 477 (2d Cir. 2009); United States v. Paulino, 445 F.3d 211, 221-22 (2d Cir. 2006). Further, a "'similarity or connection'" between the uncharged misconduct and the charged crimes must exist, such that the uncharged misconduct is "'relevant to establishing knowledge of the [charged] act.'" McCallum, 584 F.3d at 475-76 (quoting United States v. Garcia, 291 F.3d 127, 137 (2d Cir. 2002)). Here, both the charged crimes and the alleged uncharged misconduct involved a scheme between

Mesbahuddin and Maynard to profit through the falsification of documents. This similarity is sufficient to render the uncharged misconduct evidence relevant to proving that Mesbahuddin's alleged involvement with Maynard in producing and procuring identification documents was not innocent, but involved criminal intent. See United States v. Zackson, 12 F.3d 1178, 1182 (2d Cir. 1993) (proof that defendant had previously engaged in a marijuana transaction with a co-conspirator was highly probative of his intent to "enter another drug conspiracy with the *same co-conspirator*," and to rebut his defense that the association with that person was an innocent one) (emphasis added); Pitre, 960 F.2d at 1117-20 (upholding admission of evidence of prior narcotics transactions involving the same co-conspirators as the crimes charged); see also United States v. Mercado, 573 F.3d 138, 141 (2d Cir. 2009) (where defendant in drug conspiracy case argued that his conduct amounted to the "innocent acts of a friend," defendant's prior gun sales were admissible under Rule 404(b); "Driving two friends around town might, for example, seem innocuous. Prior gun sales, however, at least suggest that Defendant was not an innocent pawn taken by surprise by the drug transaction.") (citation omitted).

While the Government may introduce the proposed uncharged misconduct evidence regardless of Mesbahuddin's defense, in order to explain to the jury the relationship of trust and cooperation that allegedly existed between Mesbahuddin and Maynard, it may only introduce such evidence for the purpose of demonstrating intent if the defense disputes the element of intent at trial.[1]

---

[1] The Government relies on United States v. Towne, 870 F.2d 880 (2d Cir. 1989), in which the Second Circuit found that evidence of uncharged criminal activity is admissible outside of the strictures of Rule 404(b) "if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." Id. at 886 (internal quotation marks and alterations omitted). (2d Mot. in Limine at 5, 8.) The court finds that none of these bases for admission are present here: Mesbahuddin's alleged participation in mortgage and bank fraud was not part of the same "series of transactions" as the

6

Under Federal Rule of Evidence 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." The uncharged misconduct did not involve conduct more inflammatory or serious than the charged crime—indeed, since the uncharged conspiracies apparently failed, they were, if anything, less serious. Therefore, and in light of the court's intention to give a proper limiting instruction, the probative value of the uncharged misconduct evidence is not "substantially outweighed by the danger of unfair prejudice." See United States v. Paulino, 445 F.3d 211, 223 (2d Cir. 2006); United States v. Williams, 205 F.3d 23, 33-34 (2d Cir. 2000). It is therefore admissible.

### III. CONCLUSION

For the reasons stated above, the Government's motions in limine are GRANTED.

SO ORDERED.

Dated: Brooklyn, New York  
     August 26, 2011

/S/ Nicholas G. Garaufis  
NICHOLAS G. GARAUFIS  
United States District Judge

---

charged offenses and was not "inextricably intertwined" with them. Nor is the admission of such evidence necessary to "complete the story" of the charged crimes.