12-2605-cr
United States v. Mesbahuddin

MANDATE

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

   At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of August, two thousand thirteen.

PRESENT:

>   JOSÉ A. CABRANES,
>   CHESTER J. STRAUB,
>   SUSAN L. CARNEY,
>       *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

>       *Appellee*,

>       -v.-                                                                  No. 12-2605-cr

GHULAM MESBAHUDDIN, also known as RUMI,

>       *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**    John L. Russo, Michael D. Horn, Law Offices of John L. Russo, Astoria, NY.

**FOR APPELLEE:**    Peter A. Norling, Michael P. Canty, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney, United States Attorney's Office for the Eastern District of New York, Brooklyn, NY.

1

MANDATE ISSUED ON 09/12/2013

Appeal from the June 25, 2012 judgment of conviction of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 25, 2012 judgment of the District Court be **AFFIRMED**.

Defendant Ghulam Mesbahuddin was convicted, after a trial by jury, of (1) conspiracy to transfer false identification documents, in violation of 18 U.S.C. § 1028(a)(2), (f); and (2) conspiracy to commit bribery, in violation of 18 U.S.C. § 371. In substance, the jury found that Mesbahuddin conspired to obtain and sell a false driver's license from the California Department of Motor Vehicles. Mesbahuddin now challenges his conviction, principally on the ground that the evidence presented at trial was insufficient to prove that he conspired with at least one other person to commit bribery. We assume familiarity with the underlying facts and procedural history of this case.

Although we review sufficiency challenges *de novo*, *United States v. Desposito*, 704 F.3d 221, 226 (2d Cir. 2013), "a defendant challenging the sufficiency of the evidence that led to his conviction at trial bears a heavy burden," *United States v. Coplan*, 703 F.3d 46, 62 (2d Cir. 2012) (internal quotation marks omitted). That is because we "must view the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility, and its assessment of the weight of the evidence," *United States v. Chavez*, 549 F.3d 119, 124 (2d Cir. 2008) (internal citations, alterations and quotation marks omitted), and because we must uphold the judgment of conviction if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *Jackson v. Virginia,* 443 U.S. 307, 319 (1979).

Mesbahuddin contends that the government failed to prove that he conspired with another person other than the government's informant. Mesbahuddin is correct that the government was required to prove that he conspired with at least one other person who was not a government informant, *see United States v. Andrades*, 169 F.3d 131, 135 (2d Cir. 1999), but he is not correct that the government failed to adduce the necessary evidence. Though the evidence introduced at trial was not overwhelming, it included, among other things, a recording of Mesbahuddin's side of a telephone conversation in which Mesbahuddin referred to identification documents and to the "head of the DMV." *See* Joint App'x 484-85. Based on this recording, a rational juror could conclude that Mesbahuddin conspired with the other participant in the telephone call—one Mozammel Hoque.

Mesbahuddin nonetheless insists that the District Court erred in failing to instruct the jury that it was not sufficient for the government to prove only that Mesbahuddin conspired with the government's informant. Mesbahuddin did not raise this objection before the District Court, and

2

the District Court's jury instructions are therefore subject to "plain error" review. *See United States v. Nouri*, 711 F.3d 129, 138 (2d Cir. 2013); *see also United States v. Crowley*, 318 F.3d 401, 413 (2d Cir. 2003) ("[T]he mere fact that a defendant submitted his proposed language as part of a requested charge does not in itself preserve the point for appeal."). This standard is met when "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 130 S. Ct. 2159, 2164 (2010) (internal quotation marks and brackets omitted). Even if we were to conclude that the jury instructions were in error, we would have no reason to think that the error was clear or obvious, or that the error affected the outcome of the trial, inasmuch as the evidence demonstrated that Mesbahuddin conspired at least with Hoque, if not others.

Finally, we find no merit in Mesbahuddin's arguments (1) that the indictment should have been dismissed because the government failed to specify the second conspirator in its opening statement—a proposition for which Mesbahuddin advances no legal support; and (2) that the evidence was insufficient to prove that he intended to commit bribery, inasmuch as the record discloses ample evidence to demonstrate his intent.

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, we **AFFIRM** the June 25, 2012 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit